ESTATE OF MOLLIE RHEINSTROM POLLENZ, DECEASED, CELENE RHEINSTROM, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Pollenz v. Commissioner
Docket No. 39448-87
United States Tax Court
T.C. Memo 1989-680; 1989 Tax Ct. Memo LEXIS 680; 58 T.C.M. (CCH) 1054; T.C.M. (RIA) 89680; December 28, 1989
Richard A. Rheinstrom, for the petitioner. Jan E. Lamartine, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a $ 674,540.19 deficiency in petitioner's estate tax. This matter is before the Court on respondent's Motion for Summary Judgment. Petitioner has not submitted any data as required by section 20.2031-2(f), Estate Tax Regs. *681 , in connection with the issue of a blockage discount on the value of certain stock nor has she argued the issue in any answer, memorandum of law, or brief filed with respect to respondent's Motion for Summary Judgment. Accordingly, we conclude that such issue has been abandoned by petitioner. The only remaining issue is whether certain public housing bonds should be included in the gross estate. There is no dispute as to any material fact. Under the United States Housing Act of 1937, ch. 896, 50 Stat. 888, public housing agencies could issue tax-free public housing bonds termed "project notes." For nearly 50 years these bonds were considered to be exempt from income taxation but not estate taxation. However, in 1984, the District Court for the Northern District of Illinois held that project notes also were exempt from estate taxation. , affd. per curiam . Within months of this ruling, Congress enacted section 641 of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 939. This section, which was effective for decedents dying on or after June 19, 1984, eliminated *682 the purported estate tax exemption. It also denied refunds for those who had already paid estate taxes on project notes. In 1988, the Supreme Court held that project notes never were exempt from Federal estate tax and, accordingly, found it unnecessary to consider the constitutionality of section 641. ; . The issue has clearly been settled in respondent's favor. Petitioner's argument focuses on section 642 of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 939-940, which reads: (a) GENERAL RULE. -- With respect to transfers of public housing bonds occurring after December 31, 1983, and before June 19, 1984, the taxpayer shall report the date and amount of such transfer and such other information as the Secretary of the Treasury or his delegate shall prescribe by regulations to allow the determination of the tax and interest due if it is ultimately determined that such transfers are subject to estate, gift, or generation-skipping tax. (b) PENALTY FOR FAILURE TO REPORT. -- Any taxpayer failing to provide the information *683 required by subsection (a) shall be liable for a penalty equal to 25 percent of the excess of (1) the estate, gift or generation-skipping tax that is payable assuming that such transfers are subject to tax, over (2) the tax payable assuming such transfers are not so subject. Decedent's date of death was February 4, 1984. The estate tax return, which was filed on November 5, 1984, listed project notes with a value of $ 1,171,257.69. Following , those project notes were not included in the computation of estate tax. Respondent issued the notice of deficiency on October 14, 1987. Petitioner argues that decedent's date of death was in the "window" set forth in section 642(a) and, thus, respondent was prevented from making a "determination of tax and interest due" (i.e., from issuing a notice of deficiency) until an appellate court "ultimately determined" that public housing bonds were taxable. Petitioner notes that the first appellate determination that public housing bonds were subject to estate tax was , which was decided after respondent issued the notice of deficiency. *684 Petitioner accordingly argues that the notice of deficiency is invalid. Petitioner supports her argument by analyzing the language of section 642(a). We reject petitioner's argument. Section 642(a) only requires taxpayers to report certain information to respondent. It does not limit respondent's power to issue notices of deficiency. The language "to allow the determination of the tax and interest due if it is ultimately determined that such transfers are subject to estate, gift, or generation-skipping tax" merely explains the purpose of the information to be reported to respondent. If we were to adopt petitioner's theory, the statute of limitations would have expired before respondent could have issued the notice of deficiency. Petitioner suggests no reason, and we can think of none, that Congress would pass a statute that requires petitioner to furnish information that would aid in the collection of tax, yet causes the statute of limitations to expire before respondent can attempt to collect the tax. We accordingly grant respondent's Motion for Summary Judgment. Decision will be entered for the respondent.