**Celene RHEINSTROM, Administrator of the Estate of Mollie Rheinstrom Pollenz, Deceased, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 90–1073.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 7, 1990.

Decided Feb. 28, 1991.

Bernard Maurice Lubelchek, Katten, Muchin & Zavis, Richard Rheinstrom, Chicago, Ill., for petitioner-appellant.

Peter K. Scott, I.R.S., Richard Farber, Gary R. Allen, Nancy G. Morgan, Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, U.S. Tax Court, Washington, D.C., Janice Lamartine, I.R.S., Chicago, Ill., for respondent-appellee.

Before BAUER, Chief Judge, POSNER and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The Internal Revenue Service (IRS) issued a notice of deficiency to the estate of Mollie R. Pollenz. The estate petitioned the Tax Court for a redetermination of the deficiency. The court granted the IRS' motion for summary judgment. The estate appealed. For the following reasons, we affirm the judgment of the Tax Court.

# I

## BACKGROUND

The decedent, Mollie R. Pollenz, died on February 4, 1984. Her estate timely filed its tax return on November 5, 1984. The return listed public housing agency bonds, called "project notes," with a total value of $1,171,257.69 at Ms. Pollenz's death. These notes, however, were excluded from the gross estate for the purpose of computing the estate tax due. The decision to exclude the project notes from the gross estate apparently was made in reliance on *Haffner v. United States*, 585 F.Supp. 354 (N.D.Ill.1984), *aff'd*, 757 F.2d 920 (7th Cir. 1985), which had held that tax-exempt public housing obligations were not subject to federal taxation.

On October 14, 1987, the IRS mailed to the estate a deficiency notice, which advised that a deficiency in estate tax had been determined in the amount of $674,-540.19. This deficiency resulted from the IRS' inclusion of the project notes in the gross estate. The estate responded by petitioning the United States Tax Court for a redetermination of the deficiency. The Tax Court granted the IRS' motion for summary judgment on the basis of the Supreme Court's decision in *United States v. Wells Fargo Bank*, 485 U.S. 351, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988). The Tax Court noted that "[i]n 1988, the Supreme Court held that project notes never were exempt from Federal estate tax." [1] *Pollenz v. Commissioner*, 58 T.C.M. (CCH) 1054, 1055 (1989).

The Tax Court also rejected the argument that the notice of deficiency was invalid because of section 642 of the Deficit Reduction Act of 1984 (DEFRA), Pub.L. 98–369, 98 Stat. 939–940. Section 642 reads:

(a) GENERAL RULE.—With respect to transfers of public housing bonds occurring after December 31, 1983, and before June 19, 1984, the taxpayer shall report the date and amount of such transfer and such other information as the Secretary of the Treasury or his delegate shall prescribe by regulations to allow the determination of the tax and interest due if it is ultimately determined that such transfers are subject to estate, gift, or generation-skipping tax.

(b) PENALTY FOR FAILURE TO REPORT.—Any taxpayer failing to provide the information required by subsection (a) shall be liable for a penalty equal to 25 percent of the excess of (1) the estate, gift or generation-skipping tax that is payable assuming that such transfers are subject to tax, over (2) the tax payable assuming such transfers are not so subject.

The estate had argued that section 642(a) created a "window" between December 31, 1983 and June 19, 1984 in which the IRS could not issue a notice of deficiency until an appellate court had "ultimately determined" that project notes were subject to estate taxation. Because the first such determination was the Supreme Court's decision in *Wells Fargo*, decided after the issuance of the notice of deficiency at issue here, the estate contended that the notice of deficiency was invalid. *Pollenz*, 58 T.C.M. at 1055. The Tax Court concluded that the language in section 642(a)—"to allow the determination of the tax and interest due if it is ultimately determined that such transfers are subject to estate, gift, or generation-skipping tax"—simply stated the reason the subsection required the reporting of transactions within the "window" to the IRS: to facilitate collection of the tax if the bonds were later found to be subject to the estate tax. The Tax Court thus held that the notice of deficiency was valid.

## II

## ANALYSIS

■ The Tax Court held that the Supreme Court's decision in *Wells Fargo* was dispositive of the estate's claim that project

---

**1.** In *Wells Fargo,* the Supreme Court noted that, "[w]ell before the Housing Act was passed, an exemption from all taxation had an understood meaning: the property was exempt from *direct* taxation, but certain privileges of ownership, such as the right to transfer ownership, could be taxed." *United States v. Wells Fargo Bank,* 485 U.S. 351, 355, 108 S.Ct. 1179, 1182, 99 L.Ed.2d 368 (1988) (emphasis in original).

notes were exempt from federal estate taxation. This holding was a conclusion of law; therefore, our review is *de novo*.[2] We must decide a single issue: did section 642(a) of DEFRA exempt public housing agency obligations from federal estate taxation until it was "ultimately determined" that these obligations were subject to estate tax? Our answer to this question begins with the events that gave rise to Congress' decision to enact DEFRA.

Congress enacted the Housing Act of 1937, 50 Stat. 888, to help remedy the severe housing shortage that existed in the late 1930s. This Act was designed to stimulate local housing projects by empowering state and local authorities to issue tax-free obligations. *See Wells Fargo*, 485 U.S. at 353, 108 S.Ct. at 1181. Section 5(e) of the Housing Act provided that "[o]bligations, including interest thereon, issued by public housing agencies ... shall be exempt from all taxation now or hereafter imposed by the United States." For almost fifty years, these obligations generally were considered to be exempt from income taxation but not from estate taxation. *See Wells Fargo*, 485 U.S. at 353, 108 S.Ct. at 1181. In 1984, however, a divided panel of this court affirmed a determination, based on an analysis of the Housing Act of 1937, that project notes also were exempt from estate taxation. *See Haffner v. United States*, 757 F.2d 920 (7th Cir.1985). Congress immediately expressed its disapproval with *Haffner* by enacting DEFRA. Section 641 of DEFRA "eliminated the purported exemption for Project Notes, and also foreclosed those who had already paid estate taxes on Project Notes from obtaining a refund thereon." *Wells Fargo*, 485 U.S. at 353, 108 S.Ct. at 1181. Section 642 simply required taxpayers to report all transfers of project notes occurring after December 31, 1983, and before June 19, 1984.

The effect of DEFRA, therefore, was to overturn *Haffner* both prospectively and for any case in which a taxpayer or his estate had filed a tax return that treated public housing notes as subject to taxation. The provisions of DEFRA do not address specifically the gift and estate tax treatment for project notes transferred, or held by persons dying, before June 19, 1984, in circumstances in which a tax return did not include the project notes as subject to estate taxation. Consequently, the estate argues that section 642(a) of DEFRA prohibited the IRS from determining any estate tax deficiency until it was "ultimately determined" that project notes were subject to estate taxation. Therefore, reasons the estate, because *Wells Fargo* had not been decided when the IRS issued the deficiency notice and because *Haffner* was the law in this circuit, the notice was issued improperly.

We cannot accept such a reading of the statute. Section 642(a) simply imposes an obligation on *taxpayers* to report certain information to the IRS; it does not mention deficiency notices, much less limit the IRS' power to issue them with respect to project notes. The clause, "to allow determination of the tax and interest due if it is ultimately determined that such transfers are subject to estate ... tax," merely explains the purpose of the reporting requirement—to provide the IRS with the information to collect the tax if it were ultimately determined that project notes were subject to estate taxation. *Pollenz*, 58 T.C.M. at 1055. Under the interpretation of section 642(a) advocated by the estate, the statute of limitations would have expired before the IRS could have issued a notice of deficiency to the estate.[3] It would be illogical for Congress to enact legislation that requires information to aid in the collection of taxes, yet causes the statute of limita-

**2.** *See Merit Life Ins. Co. v. Commissioner*, 853 F.2d 1435, 1438 (7th Cir.1988); *see also Gunther v. Commissioner*, 909 F.2d 291, 294 (7th Cir. 1990) (" 'we owe no special deference to the Tax Court's legal views' ") (quoting *Prussner v. United States*, 896 F.2d 218, 224 (7th Cir.1990)); *Vukasovich, Inc. v. Commissioner*, 790 F.2d 1409, 1413 (9th Cir.1986) ("A general rule of special deference to the Tax Court is inappropriate although its judgments in its field of exper-

tise are always accorded a presumption that they correctly apply the law."); 26 U.S.C. § 7482(a) (providing for review of Tax Court decisions "in same manner and to the same extent as decisions of the district courts in civil actions tried without a jury").

**3.** Section 6501(a) of 26 U.S.C. provides that any deficiency in income tax must be assessed within three years after a tax return is filed.

tions to bar collection of any estate tax ultimately determined due.

Moreover, nothing precludes the IRS from issuing deficiency notices to taxpayers who reside in circuits that have held against the IRS on a particular issue. While the doctrines of *stare decisis* and precedent are always deserving of great respect, continued litigation is sometimes appropriate to pursue en banc reconsideration within a circuit or to preserve an issue pending disposition by the Supreme Court.[4] *See Patterson v. McLean Credit Union,* 485 U.S. 617, 617, 108 S.Ct. 1419, 1420, 99 L.Ed.2d 879 (1988) (per curiam) ("It is surely no affront to settled jurisprudence to request argument on whether a particular precedent should be modified or overruled."); *Haas v. Abrahamson,* 910 F.2d 384, 393 (7th Cir.1990) (courts not absolutely bound by prior decisions and must give "fair consideration" to substantial argument for overruling previous decision); *United States v. Anderson,* 885 F.2d 1248, 1255 (5th Cir.1989) (en banc) (en banc court not bound by panel decision "where a wrong turn has been taken"). To adopt the estate's position would preclude the IRS from ever seeking to relitigate an issue in a circuit court that has previously decided this issue against the IRS.

The Supreme Court's decision in *Wells Fargo* "ultimately determined" that project notes have always been subject to estate taxation. Nothing in section 642(a) of DEFRA changes this result. The notice of deficiency was expressly authorized by section 6212 of the Internal Revenue Code, 26 U.S.C. § 6212, and properly issued to the estate in this case.

### Conclusion

For the foregoing reasons, we affirm the judgment of the Tax Court.

AFFIRMED

---

4. The Supreme Court already had noted probable jurisdiction in *Wells Fargo* when the deficiency notice was issued in this case. *See Wells Fargo Bank v. United States,* 86–2 T.C. ¶ 13,703

(C.D.Cal.1986), *prob. juris. noted sub nom. United States v. Crocker Nat'l Bank,* 481 U.S. 1047, 107 S.Ct. 2176, 95 L.Ed.2d 833 (1987).